UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WAYNE ALLEN GEBHART,

Plaintiff,

v.

CAUSE NO. 3:19-CV-1088-DRL-MGG

WEXFORD MEDICAL, and INDIANA
DEPARTMENT OF CORRECTION,

Defendants.

OPINION AND ORDER

Wayne Allen Gebhart is a prisoner at the Westville Correctional Facility. Without a lawyer he filed a motion asking for preliminary injunctive relief. ECF 1. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Mr. Gebhart did not file a complaint. Nevertheless, the court will construe the motion as both a preliminary injunction motion and a complaint asking for injunctive relief.

Mr. Gebhart alleges he is being denied "adequate medical care for brain cancer treatment and intense pain relief." ECF 1 at 1. Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, the total alleviation of pain is not constitutionally required. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) ("To say the Eighth Amendment requires prison doctors to keep an inmate pain-free in the aftermath of proper medical treatment would be absurd."). Moreover, Mr. Gebhart has not provided any factual basis for the conclusory statement that he is bring denied constitutionally adequate medical care or pain management. Without facts describing what medical care he has received, it is not possible to plausibly infer that his care is constitutionally inadequate.

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that *something* has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). As presented, Mr. Gebhart has not stated a claim.

A "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

> To obtain a preliminary injunction, a plaintiff must first show that: (1) without such relief, it will suffer irreparable harm before final resolution of its claims; (2) traditional legal remedies would be inadequate; and (3) it has some likelihood of success on the merits. If a plaintiff makes such a showing, the court next must weigh the harm the plaintiff will suffer without an injunction against the harm the defendant will suffer with one. This assessment is made on a sliding scale: The more likely the plaintiff is to win, the less heavily need the balance of harms weigh in his favor; the less likely he is to win, the more need it weigh in his favor. Finally, the court must ask whether the preliminary injunction is in the public interest, which entails taking into account any effects on non-parties. Ultimately, the moving party bears the burden of showing that a preliminary injunction is warranted.

*Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1068 (7th Cir. 2018) (citations and quotation marks omitted).

Here, Mr. Gebhart has no chance of success on the merits because he has not alleged facts that state a claim. As such, he has not met his burden for preliminary injunctive relief. Nevertheless, if he has facts to support his conclusion that he is being denied constitutionally adequate medical care, he may file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). To do so he must place this cause number on a blank **Prisoner Complaint (INND Rev. 8/16)** form, which is available from the law library. In the complaint, he must set forth all facts necessary to state a claim against the named defendants. He must also resolve his filing fee status either by paying the full filing fee or by seeking leave to proceed *in forma pauperis*.

For these reasons, the court:

(1) DENIES the motion for preliminary injunction (ECF 1);

(2) GRANTS Wayne Allen Gebhart until **January 8, 2020** to file an amended complaint and resolve his filing fee status; and

(3) CAUTIONS Wayne Allen Gebhart if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice.

SO ORDERED.

November 25, 2019 *s/ Damon R. Leichty*
Judge, United States District Court