UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WAYNE ALLEN GEBHART,

    Plaintiff,

v.                                                                           CAUSE NO. 3:19-CV-1088-DRL-MGG

WEXFORD MEDICAL *et al.*,

    Defendants.

## OPINION AND ORDER

Wayne Allen Gebhart, a prisoner at the Westville Correctional Facility, filed an amended complaint against Dr. Liaw and Wexford Medical because he remains unhappy with his pain management while he was undergoing treatment for cancer. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Gebhart alleges that, while he was undergoing treatment for cancer, he did not receive adequate medication to manage his severe pain. He sought treatment for his pain beginning in July 2019. He saw Dr. Liaw in September and was referred for outpatient care, but he was not provided treatment for his pain. The doctor treating his cancer ordered Neurontin four times, but Dr. Liaw would not provide it. He then ordered Tramadol, but Dr. Liaw would not provide it either. And finally, he ordered Tylenol 3. That was not provided either, although Dr. Liaw did suggest that Mr. Gebhart take regular Tylenol and Naproxen and provided him with a small supply.[1] Mr. Gebhart says he asked

---

[1] The Constitution does not require free medical care. *Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012). Mr. Gebhart does not allege that he lacked the funds necessary to purchase additional Tylenol or Naproxen from commissary. Thus, the provision of only an inadequate quantity of over-the-counter pain medication free of charge does not state a claim.

to see the doctor repeatedly to address his pain throughout this period, but he was not permitted to see Dr. Liaw and was not provided with effective pain medication.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "[T]he Constitution is not a medical code that mandates specific medical treatment." *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996). "Whether and how pain associated with medical treatment should be mitigated is for doctors to decide free from judicial interference, except in the most extreme situations." *Id.* Inmates are "not entitled to demand specific care [nor] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Moreover, constitutionally adequate care does not require the total alleviation of pain. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) ("To say the Eighth Amendment requires prison doctors to keep an inmate pain-free in the aftermath of proper medical treatment would be absurd."). While Mr. Gebhart was not entitled to total alleviation of his pain, giving him the inferences to which he is entitled at this early stage of the case, he has stated a claim against Dr. Liaw.

Mr. Gebhart's cancer treatment is now complete and he is cancer-free. But, he still has a medical "code F" that prevents him from being accepted to work release. It is unclear what a "code F" represents, but what is clear is that Mr. Gebhart has not alleged facts from which it can be inferred that Dr. Liaw violated his constitutional rights in placing or failing to remove this code from Mr. Gebhart's records. Thus, while he may proceed against Dr. Liaw for monetary damages for providing constitutionally inadequate medical care, he cannot proceed against Dr. Liaw for injunctive relief to have the code removed from his file.

Mr. Gebhart has also named Wexford Medical as a defendant. But, there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *see also Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008) ("[A] private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights."). Because Mr. Gebhart's allegations against Wexford appear to be based only on the poor decisions that its staff made in connection with his care, he cannot proceed against Wexford.

For these reasons, the court:

(1) GRANTS Wayne Allen Gebhart leave to proceed against Dr. Liaw in his individual capacity for compensatory damages for denying him constitutionally adequate medical treatment for pain related to cancer from July 2019 until pain related to his cancer was resolved, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Wexford Medical;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) on Dr. Liaw at Wexford of Indiana, LLC, with a copy of this order and the amended complaint (ECF 10), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS Wexford of Indiana, LLC, to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of the defendant if he does not waive service and if they have such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Dr. Liaw to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

April 10, 2020                  *s/ Damon R. Leichty*
                                                    Judge, United States District Court