UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WAYNE ALLEN GEBHART,<br><br>Plaintiff,<br><br>v.<br><br>DOCTOR LIAW,<br><br>Defendant. | CAUSE NO. 3:19-CV-1088 DRL-MGG |

OPINION AND ORDER

On April 10, 2020, Wayne Allen Gebhart, a prisoner without a lawyer, was granted leave to proceed on a claim against Dr. Liaw in his individual capacity for denying him constitutionally adequate medical treatment for pain related to cancer from July 2019, until pain related to his cancer was resolved, in violation of the Eighth Amendment. ECF 12 at 3. On August 13, 2020, Dr. Liaw filed a motion for summary judgment arguing that Mr. Gebhart failed to exhaust his administrative remedies before he filed this lawsuit. ECF 27. Mr. Gebhart received notice as required by N.D. Ind. L.R. 56-1(f), advising him of the consequences of failing to respond to Dr. Liaw's motion. ECF 30. On November 2, 2020, Mr. Gebhart responded to Dr. Liaw's motion. ECF 35. On November 16, 2020, Dr. Liaw filed a reply. ECF 36. The summary judgment motion is now ripe for decision.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002).

Nevertheless, inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinders an inmate's ability to use the administrative process, such as by failing to provide him with the necessary forms, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage

2

of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

The grievance policy for the Indiana Department of Correction provides that, before filing a grievance, an offender is required to attempt to resolve a complaint informally. ECF 29-1 at ¶ 9; ECF 29-1 at 18-19. The offender must also "provide evidence (e.g., "To/From" correspondence, State Form 36935, "Request for Interview") of the attempt." *Id*. If the inmate is unable to resolve the complaint informally, he may file a formal grievance. ECF 29-1 at ¶ 10; ECF 29-1 at 19-21. The grievance specialist must review the grievance within five business days and either accept it or reject it. ECF 29-1 at ¶ 11; ECF 29-1 at 20. If rejected, the grievance is returned to the offender with an explanation and information on how it may be corrected using State Form 45475. ECF 29-1 at ¶ 16; ECF 29-1 at 20.

If unsatisfied with the response to the formal grievance, an offender may appeal to the Warden or his designee using State Form 45473, "Offender Grievance Appeal" within five days of receiving a response or, if no response is received, within twenty business days of submitting the grievance. ECF 29-1 at ¶ 20; ECF 29-1 at 21-22. Finally, if an inmate is still dissatisfied with the response to the appeal, he must check the "Disagree" box, sign, and submit the completed State Form 45473, "Offender Grievance Appeal" to the Offender Grievance Specialist within five business days of receipt of the appeal response. ECF 29-1 at ¶ 24; ECF 29-1 at 22. Each offender is advised of the

grievance procedure during orientation, and a copy of the procedure is available at the law library. ECF 29-1 at ¶ 7.

John Harvil is a Grievance Specialist at Westville Correctional Facility and filed an affidavit stating he reviewed Mr. Gebhart's grievance records. ECF 29-1 at ¶¶ 32, 33. In his affidavit, Mr. Harvil states that, on July 9, 2019, Mr. Gebhart filled out a Request for Interview form. ECF 29-1 at ¶ 35; ECF 29-1 at 27. In the request, he indicated he needed a grievance form and a record of the grievances he had filed at his previous facility. *Id*. According to the records, Mr. Gebhart had been diagnosed with cancer and he had completed his chemotherapy and was in remission. ECF 29-1 at ¶ 36.

On July 16, 2019, Mr. Gebhart submitted a grievance form to Mr. Harvil about his pain medications. ECF 29-1 at ¶ 37; ECF 29-1 at 28. On the form, he stated that, on July 15, 2019, he met with Dr. Liaw but Dr. Liaw did not "want to give [him] his pain meds" even though he "really need[ed] them." *Id*. Mr. Gebhart noted that Dr. Liaw had prescribed Tylenol, but he needed Neurontin or Tramadol to combat his pain. *Id*. Mr. Gebhart noted that, if he was not going to get his pain medications, he wanted to return to the Indiana Youth Center so he could get treatment. *Id.*

On July 24, 2019, the grievance form was returned to Mr. Gebhart with a note informing him there was no indication that he had tried to informally resolve his grievance. ECF 29-1 at ¶ 38; ECF 29-1 at 29. In addition, Mr. Harvil informed Mr. Gebhart that he saw Dr. Liaw on July 15, 2019, and his current pain medication had been renewed. *Id.* Mr. Gebhart had not been on any other medication since early 2018. *Id*. The grievance

form completed by Mr. Gebhart was neither accepted nor logged. *Id.* Mr. Gebhart did not appeal the July 24, 2019 grievance. ECF 29-1 at ¶ 39.

Mr. Gebhart filed another grievance form on November 5, 2019, stating that Dr. Liaw would not prescribe the pain medication his doctor at Woodlawn Cancer Center had ordered for him. ECF 29-1 at ¶ 42; ECF 29-1 at 31. This incident occurred on November 4, 2019, and the grievance form was received in the grievance office on November 14, 2019. ECF 29-1 at ¶ 42; ECF 29-1 at 31, 32. That same day, the grievance was returned to Mr. Gebhart with a form indicating there was no evidence that he had attempted to resolve the complaint informally. ECF 29-1 at ¶ 42; ECF 29-1 at 32. Mr. Gebhart was told that if he had tried to resolve the issue informally, then he should submit the form indicating he had done so. *Id.* He was also instructed that he had five days to begin the informal grievance process, if he had not already tried to informally resolve the issue. *Id.* Mr. Gebhart did not submit a form indicating that he had attempted to resolve the complaint informally, and he did not submit a corrected grievance form. ECF 29-1 at ¶ 42.

On November 18, 2019, Mr. Gebhart filed another grievance form in which he again addressed the issue of his pain medication. ECF 29-1 at ¶ 43; ECF 29-1 at 33. In his grievance, he stated "Look I have sent informal request after request to solve this matter . . . Now for the last month or so Dr. Liaw has refuse[d] my medication that Doctor Odgen at Woodlawn Cancer office has order[ed] . . . I'm in so much pain and no one cares." ECF 29-1 at 33. The form was returned to him, with a note indicating that he had not tried to informally resolve his complaint and the medication issue had previously been addressed

5

on July 24, 2019 and on November 14, 2019. ECF 29-1 at ¶ 43; ECF 29-1 at 34. Here, Mr. Gebhart had not provided any evidence, as required by the grievance policy, to show he had attempted to informally resolve his complaint. ECF 29-1 at ¶ 43; ECF 29-1 at 34, ECF 29-1 at 18-19. The November 18, 2019 grievance was not accepted or logged. ECF 29-1 at ¶ 43. Mr. Gebhart did not submit a corrected grievance form.[1] *Id*.

In his response to Dr. Liaw's motion for summary judgment, Mr. Gebhart asserts that he attempted to resolve the medication issue informally before he filed formal grievances on July 16, 2019, November 5, 2019, and November 18, 2019. ECF 35 at 2. However, he has not included any documentation to support his contention nor has he detailed how he attempted to resolve his grievances informally. Instead, he simply reiterates that he asked Dr. Liaw to provide him with the medication he needed to treat his cancer pain, which included Neurontin, Tylenol #3, and Tramadol, but he refused to do so. *Id*. Thus, Mr. Gebhart has produced no evidence to show that he attempted to resolve his grievances informally.

Mr. Gebhart further claims that Mr. Harvil repeatedly rejected his grievance forms because he wanted to protect Dr. Liaw from this lawsuit. ECF 35 at 3. However, the record in this case belies Mr. Gebhart's contention. Rather, the record shows that when Mr. Harvil returned Mr. Gebhart's grievance forms, Mr. Harvil informed Mr. Gebhart what he needed to do to correct the deficiencies. ECF 29-1 at ¶¶ at 38, 42, 43; ECF 29-1 at 29, 32, 34. However, Mr. Gebhart did not attempt to correct the deficiencies and did not submit

---

[1] The record in this case shows that Mr. Gebhart filed two additional grievances. ECF 29-1 at ¶¶ 41, 44; ECF 29-1 at 30, 36-39. However, neither grievance pertained to his medication issue *Id*.

6

corrected grievances forms indicating he attempted to resolve his grievances informally. Furthermore, he has not provided the court with any reason why he could not follow the grievance policy or that he did not know how to resolve his grievances informally. In other words, he has not stated that he could not have corrected the deficiencies and attempted to resolve the grievances informally. And, he has not indicated that the grievance process was unavailable to him.

In sum, the undisputed evidence shows that Mr. Gebhart initiated this lawsuit before he exhausted his administrative remedies. Accordingly, the court GRANTS Dr. Liaw's motion for summary judgment (ECF 27) and DISMISSES the case without prejudice pursuant to 42 U.S.C. § 1997(e)(a).

SO ORDERED.

February 15, 2021         *s/ Damon R. Leichty*
                          Judge, United States District Court